IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ROBERT JAY DAVIS** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 5:15-cv-00435-CAR-CHW |
| | : | |
| Warden **HILTON HALL**, | : | |
| | : | Proceedings under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Petitioner is currently confined at Coffee Correctional Facility in Nichols, Georgia, pursuant to two Judgments of Conviction entered in the Superior Court of Peach County. Doc. 10-1, p. 9. Petitioner challenges both convictions by seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Currently before the Court are Respondent's Motion to Dismiss for lack of exhaustion (Doc. 7) and Petitioner's Motion to Dismiss or Stay this case (Doc. 12). Because Petitioner has failed to exhaust his state court remedies and is not entitled to have this case stayed and held in abeyance it is **RECOMMENDED** that his Motion to Dismiss/Stay (Doc. 12) be **GRANTED** in part and **DENIED** in part. It is **RECOMMENDED** that Petitioner's request to stay this case be **DENIED** and that his request to **DISMISS without prejudice** be **GRANTED**. To the extent that Petitioner directly challenges the judgment of conviction entered in Peach County Superior Court criminal action 10-CR-052 it is **RECOMMENDED** that his claims be **DISMISSED** as successive. It is further **RECOMMENDED** that Respondent's Motion to Dismiss for lack of exhaustion be **DENIED** as **MOOT**.

I. *Procedural History*

On March 22, 2012, the Grand Jury of Peach County, Georgia, returned a true bill of indictment charging Petitioner with six counts of Aggravated Stalking. Doc. 10-1, p. 1 – 5. Following a trial by jury, Petitioner was convicted of one count and sentenced to ten years in case number 12-CR-267. Doc. 10-1, p. 6 – 9. Petitioner filed a direct appeal attacking the indictment, alleging various trial errors and arguing that he received ineffective assistance of counsel. The Court of Appeals of Georgia found no merit in Petitioner's claims and affirmed the judgment on July 10, 2015. Doc. 10-3. Petitioner next filed a petition for writ of habeas corpus in the Superior Court of Coffee County, Georgia, on November 16, 2015. Doc. 10-4. The current action was filed the next day on November 17, 2015. Doc. 1.

In his original Petition to this Court, Petitioner raised two grounds of relief, but stated "the reason I've filed this federal habeas is because I want to court to put those on hold, until I exhaust my state remedies." Doc. 1, p. 12. The Court Ordered Petitioner to amend his petition to "include every unalleged possible constitutional error or deprivation" as any claim not included would be deemed waived. Doc. 4. Petitioner promptly responded by amending his petition to allege nine enumerations of error presented in question format. Doc. 5. In addition to challenging his conviction in case 12-CR-267, Petitioner also sought to challenge a prior conviction in Criminal Action Number 10-CR-052.[1] Petitioner was convicted of aggravated stalking in 12-CR-267 for violating a permanent restraining order in case 10-CR-052 and was sentenced to a consecutive term of imprisonment.[2] Many of nine questions Petitioner poses assert or imply that

---

[1] Respondent argues that Petitioner is only challenging his conviction in 12-CR-267. Petitioner challenges the legality of the permanent restraining order in case 10-CR-052 and the use of that restraining order to sustain his aggravated stalking conviction in case 12-CR-267.

[2] "[A] prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of" federal habeas. *Petyon v. Rowe*, 391 U.S. 54, 67 (1968); see also *Garlotte v. Fordice*, 515 U.S. 39 (1995).

the restraining order in 10-CR-052 does not exist, was not presented at trial, or was erroneously stipulated to by his attorney. Doc. 5.

On January 29, 2016, Respondent filed a Motion to Dismiss for lack of exhaustion and supplemented the record to show that that Plaintiff's state court habeas challenge to 12-CR-267 was still pending. Respondent did not provide information as to case 10-CR-052 or otherwise recognize that Petitioner was challenging that conviction. On April 18, 2016, Petitioner filed a Motion to Dismiss or Stay his case pending the outcome of his state habeas action.

Because Petitioner is challenging two state court convictions, the Court ordered Respondent to supplement the record as to Petitioner's exhaustion of his state court remedies in case 10-CR-052. Doc. 13. As the Court noted in that order, prior to determining if Petitioner is entitled to stay and abey his case, the Court must first determine if the Petition contains both exhausted and unexhausted claims. See *Wright v. Oubre*, 768 F. Supp. 2d 1277, 1283 (N.D. Ga. 2011) (Petitioner not entitled to stay and abeyance because petition was not mixed). Further, if Petitioner cannot meet the standards required to stay the case, the Court must also be able to address whether dismissal of the entire mixed petition would "impair the Petitioner's right to obtain federal relief." *King v. Chase*, 384 F. App'x 972, 975 (11th Cir. 2010) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). Respondent filed a supplement on May 17, 2015, showing that Petitioner has a second habeas action pending contesting only his conviction in case 10-CR-052.

II.     *Challenging Multiple Convictions in One Habeas Petition*

As an initial matter, Petitioner seeks relief from multiple judgments of conviction. Pursuant to Rule 2(e) of the Rules Governing Section 2254 cases, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgment of each court." Thus, a Petitioner may challenge multiple convictions in one habeas

action if those convictions are from "a court of the same county or judicial district or circuit." *Byrd v. Drew*, 2008 WL 4905548, at *1 (S.D. Ga. 2008) (citing Advisory Committee Notes)[3]

Here, Petitioner challenges his conviction in Criminal Action No. 10-CR-052, in which he entered a negotiated plea of guilty to two counts of Aggravated Stalking and one Count of Firearm Possession by a Convicted Felon. Doc. 5-2, p. 1. The Conviction occurred in the Superior Court of Peach County. Petitioner also challenges his conviction in Criminal Action No. 12-CR-367, a judgment of conviction in the Superior Court of Peach County. Doc. 10-1, p. 6. Because both judgments occurred in the Superior Court of Peach County, Petitioner may attack both convictions in a single habeas petition, and the current action is not barred by Rule 2(e). Plaintiff's claims as to case 10-CR-052, however, are successive and due to be dismissed. Plaintiff filed a habeas application challenging the judgment of conviction in that case on August 3, 2015. *Davis v. Laughlin*, 5:15-cv-297 (CAR) (MSH). A review of that petition shows that Petitioner challenges only his conviction in 10-CR-052. Because the action is still pending and Petitioner has not sought or received a certification from the Eleventh Circuit to file a successive habeas action, Plaintiff's claims in this petition must be dismissed as successive to the extent that he directly challenges his conviction in case 10-CR-052.[4] See 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).

### III.  Exhaustion

"Before bringing a habeas action in federal court, [] the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *Isaac v. August SMP Warden*, 470 F. App'x 816, 818 (11th Cir.

---

[3] "This permits, but does not require, an attack in a single petition on judgments based upon separate indictments or on separate counts even though sentences were imposed on separate days by the same court." Advisory Committee Notes for Rule 2 of the Rules Governing Section 2254 cases.
[4] Petitioner's claims are not successive insofar as he challenges his conviction in case 12-CR-267 based on errors or deficiencies in case 10-CR-052.

2012). To exhaust state court remedies, a claim must be "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 350 (1989). Therefore,"[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

In 2004, the rules for certiorari review in Georgia were amended pursuant to Georgia Supreme Court Rule 40. According to the Eleventh Circuit, this amendment resulted in Georgia "opting" out of the requirement that habeas Petitioners seek certiorari with the Georgia Supreme Court to properly exhaust state court remedies. *Hills v. Washington*, 441 F.3d 1374 (11th Cir. 2006). Georgia Supreme Court Rule 40 currently states:

> A review on certiorari is not a right. In all appeals from criminal convictions, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. When the claim has been presented to the Court of Appeals, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies. A petition for the writ will be granted only in cases of great concern, gravity, or importance to the public.

Ga. Sup. Ct. R. 40. Therefore, "when a claim has been presented to the Georgia Court of Appeals and relief has been denied, the litigant shall be deemed to have exhausted all available remedies. *Skillern v. State of Georgia*, 202 F. App'x 403, 408 (11th Cir. 2006) (quoting *Hills*, 441 F.3d at 1375) (internal alterations omitted).

It is uncontested that Petitioner's petition contains unexhausted claims, and a careful review of the record reveals that it also contains exhausted claims. Petitioner directly appealed

his conviction in No. 12-CR-367, and any claim brought in his direct appeal is exhausted.[5] The following claims were brought on direct appeal (1) there was no permanent restraining order in effect at the time of Petitioner's trial, (2) the indictment was defective for accusing Petitioner of violating a permanent restraining order that does not exist, and (3) the prosecution withheld evidence that there was no permanent restraining order.[6] This Petition, therefore, is mixed and "ordinarily, a 'mixed petition,' containing both exhausted and unexhausted claims, should be dismissed without prejudice to allow the petitioner to either exhaust state remedies, bring a new petition presenting only the exhausted claims, or amend the petition to remove any unexhausted claims." *Isaac*, 470 F. App'x at 818-19 (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). Before making this determination, the court should determine whether stay and abeyance is unwarranted. *Id.* (citing *Thompson v. Sec'y Dep't of Corr.*, 425 F. 3d 1364, 1365-66 (11th Cir. 2005)).

   IV.   *Stay and Abeyance*

A "mixed" petition for habeas corpus relief is one in which "a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." *Rhines v. Weber*, 544 U.S. 269, 271 (2005). In *Rhines*, the Supreme Court considered whether "a federal district court has discretion to stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Id.* at 271-272. The Supreme Court held that although district courts have discretion to stay the mixed petition and hold it in abeyance while a petitioner returns to state court and exhausts his previously

---

[5] Judgement of conviction in case 12-CR-367 was entered on January 14, 2014. Doc. 10-1, p. 9. Petitioner timely filed a motion for new trial and appeal. Doc. 10-3, p. 1. The appeal was denied on July 10, 2015, and Petitioner filed his state habeas action on November 16, 2015. Doc. 10-4, p. 1.
[6] Other claims may also be exhausted.

unexhausted claims, "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Specifically, "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Thompson v. Secretary for Dept. of Corrections*, 425 F.3d 1364, 1366 (11th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277-278). The rationale for granting a stay and abeyance in such cases is that "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278.

Petitioner has not shown good cause for his failure to exhaust his unexhausted claims. There is no external "objective factor" not attributable to Petitioner for his failure to exhaust, and Petitioner states that he filed this action prior to the resolution of his state habeas action in order to "toll the statute of limitations in case the state delays me in my habeas corpus petition." Doc. 1, p. 12. While a protective petition may be appropriately stayed and abeyed in limited scenarios[7], Petitioner filed his state habeas action prior to the instant action and does not assert that he has reasonable confusion about his state habeas filing. "To the contrary, he has filed his state petition and simply is waiting for his state remedies to be exhausted." *Wright v. Oubre*, 786 F. Supp. 2d 1277, 1281 (N.D. Ga. 2011) (denying request to stay and hold in abeyance where Petitioner filed "protective petition" and could not demonstrate good cause).

Because Petitioner is not entitled to stay and abeyance, the Court must determine if dismissal of the "entire petition would unreasonably impair the petitioner's right to obtain federal

---

[7] "A prisoner seeking state postconviction relief might avoid [trying to exhaust sate remedies only to find out that the action was not properly filed] by filing a 'protective petition in federal court and asking the federal court to stay and abey the federal habeas proceeding until state remedies are exhausted." *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278).

habeas relief." *Isaac*, 470 F. App'x at 819. In this case, Petitioner has requested that the entire Petition be dismissed so that he may exhaust his unexhausted claims and refile at a later date, and Petitioner's state habeas action was filed prior to this action. Petitioner also does not argue that his state court filing may be denied as untimely or otherwise, so concerns about the AEDPA clock not being tolled pending the outcome of his state habeas action are not present. Therefore, dismissal of the entire action is appropriate so that Plaintiff can exhaust state court remedies and refile at a later date.

## CONCLUSION

Because a stay and abeyance is not appropriate in this case, and Petitioner seeks to Dismiss the action in its entirety, it is **RECOMMENDED** that Petitioner's Motion to Dismiss/Stay be **GRANTED** in part and **DENIED** in part. Doc. 12. It is **RECOMMENDED** that Petitioner's motion to stay this case be **DENIED** and Petitioner's motion to **DISMISS without prejudice** be **GRANTED**. To the extent that Petitioner directly challenges judgment of conviction entered in Peach County Superior Court criminal action 10-CR-052 his claims are successive and it is also **RECOMMENDED** that they be **DISMISSED.** It is further **RECOMMENDED** that Respondent's Motion to Dismiss for lack of Exhaustion be **DENIED** as **MOOT**. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 10th day of June, 2016.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge